**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| ANTWAN JURAEE JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No.: 3:25-7257-MGL |
| | § | |
| SECRETARY OF UNITED STATES ARMY, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,**
**GRANTING DEFENDANT'S MOTION TO DISMISS,**
**AND RESOLVING VARIOUS OTHER MOTIONS AS IDENTIFIED HEREIN**

## I. INTRODUCTION

Plaintiff Antwan Juraee Jackson, proceeding pro se, filed this action alleging the United States Army unlawfully discriminated against him in violation of several statutes.

This matter is before the Court for review of the Report and Recommendation (the Report) of the United States Magistrate Judge suggesting to the Court the Army's motion to dismiss be granted and Jackson's "motion for bill relief" be denied for lack of jurisdiction. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

Also before the Court are various motions filed by both parties following the Report.

## II. FACTUAL AND PROCEDURAL HISTORY

The Report accurately describes the factual history demonstrated by the record, and it is unnecessary to restate the majority of the history here. The critical facts are as follows.

Jackson has previously filed two complaints with the Merit Systems Protection Board (MSPB), which reviews adverse employment decisions taken against federal employees. First, in 2023, Jackson filed a complaint asserting he was subjected to unlawful discrimination in violation of various federal statutes, including on the basis of race and disability. This first case was eventually dismissed by the MSPB. Motion to Dismiss, Ex. 3.

Second, in 2024, Jackson faced charges of excessive absences and a failure to follow leave requesting procedures. He was then terminated effective December 2, 2024. He appealed the termination decision to the MSPB (the 2024 appeal), and the appeal was pending as of July 2025 when he failed the complaint in this case. The MSPB subsequently affirmed the decision on appeal. Throughout the second appeal, Jackson failed to assert any claims of unlawful discrimination.

On July 14, 2025, Jackson filed the instant complaint in this Court. In it, he asserted claims for "employment discrimination, retaliation, harassment, equal pay, back pay, back taxes," and "signal radio frequency [illegible] on home." Complaint at 3. Jackson asks this Court to review the 2024 appeal, specifically citing its docket number with the MSPB. Complaint at 5. The Army filed a motion to dismiss on several grounds.

The Magistrate Judge filed the Report on December 10, 2025. Jackson filed his objections to the Report on December 18, 2025, followed by a supplement on December 22, 2025. The Army filed its reply on January 20, 2026, to which Jackson filed numerous additional sur replies and supplements.

The Court has carefully considered the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

In addition, following the Report, Jackson filed a motions "for additional remedies," "for document request," to appoint counsel, to amend his complaint, and two motions "for emergency and immediate relief." The Army filed a motion to stay discovery and a response in opposition to Jackson's document request motion.

## III. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

This Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## IV. DISCUSSION AND ANALYSIS

As an initial point, the majority of Jackson's objections to the Report are general and non-specific, but some themes are discernible. In an abundance of caution, and noting Jackson's lengthy objections and subsequent filings, the Court will review the Report de novo and address Jackson's objections to the extent possible.

### *A. Whether to grant the Army's motion to dismiss*

#### 1. *Whether this Court has jurisdiction over Jackson's MSPB appeal*

The Army argues Jackson's complaint must be dismissed because this Court lacks jurisdiction under 5 U.S.C. § 7703(b). The subsection provides "a petition to review a final order or final decision of the [MSPB] shall be filed in the United States Court of Appeals for the Federal Circuit." § 7703(b)(1)(A). Here, Jackson specifically challenges the MSPB's decision concerning his termination, so § 7703(b)(1)(A) would typically require him to proceed in the Federal Circuit.

There is an exception to this rule, however, in what are called "mixed cases" where an employee "asserts both discrimination in violation of Title VII [or other statutes] and an 'adverse employment action.'" *Pueschel v. Peters*, 577 F.3d 558, 563 (4th Cir. 2009). In mixed cases, the employee can seek review of the MSPB's decision via complaint filed in district court, rather than by appeal to the Federal Circuit. *See Zachariasiewicz v. U.S. Dep't of Just.*, 48 F.4th 237, 243 (4th Cir. 2022) (citations omitted) ("If the MSPB denies relief in a mixed case, the employee may seek judicial review of the MSPB's decision in federal district court.").

The Magistrate Judge concluded Jackson failed to present a mixed case because "[i]n challenging his removal before the MSPB, Plaintiff did not raise any allegations that the removal action was motivated by discrimination, harassment, or retaliation." Report at 7. Thus, the Magistrate Judge determined, under § 7703(b) this Court lacks jurisdiction over the challenge to the MSPB's decision.

Jackson objects to this conclusion and contends his initial case and this appeal concern allegations of discrimination properly brought in district court as a mixed case. Obj. at 1-3.

As the Court noted above, in Jackson's 2024 appeal filed with the MSPB, his stated complaints and reasons for the appeal failed to raise any allegation of unlawful discrimination.

Mot. to Dismiss, Ex. 4 at 9. Although he now argues he "stated Equal Pay . . . being discriminatory," Obj. at 3, his actual complaint fails to contain any such allegation; it states only he challenges his pay. Mot. to Dismiss, Ex. 4 at 9. Even emails Jackson attached to his objections to the Report fail to reflect any allegations of discrimination. Instead, he merely complained "he d[id] not think he has been paid the correct amount" and "was not paid" on time. Obj., Ex. 1 at 4.

The Court is unable to discern any allegation of discrimination—on the basis of pay or otherwise—appearing in the record before the MSPB in the 2024 appeal which Jackson challenges here. Nor does the MSPB's decision refer to discrimination in any way.

Because of this, the Court lacks jurisdiction to review Jackson's 2024 appeal. Accordingly, the Court will overrule the objection and grant the Army's motion to dismiss in this regard.

**2. *Whether Jackson's claims must be dismissed***

The Fourth Circuit has declined to determine whether district courts have jurisdiction over a federal employee's discrimination claims alleged for the first time in district court rather than before the MSPB. *See Zachariasiewicz*, 48 F.4th at 249 ("[T]he district court considered only whether Appellant's discrimination claims were properly before it as part of a mixed case, not whether it could adjudicate the Title VII claims independently of the other claims. Accordingly, we remand for the district court to decide in the first instance whether it may address the merits of Appellant's Title VII claims."). In doing so, it directed "the district court may evaluate whether Appellant properly exhausted his discrimination claims before filing suit." *Id.*

Therefore, this Court may have jurisdiction over Jackson's discrimination claims, even though the Court lacks jurisdiction to review the MSPB's decision. The Army argues, however, Jackson's claims still must be dismissed because he failed to exhaust available administrative remedies.

The Magistrate Judge recommends granting the motion to dismiss in this respect because Jackson "has not alleged that he exhausted or initiated the required administrative process regarding these newly-raised employment discrimination claims raised for the first time in his appeal . . . ." Report at 9-10.

If a federal employee declines or fails to pursue his discrimination claims as a mixed case before the MSPB, then "he must first file a complaint with the agency by which he is employed." *Zachariasiewicz*, 48 F.4th at 243 (citing *Laber v. Harvey*, 438 F.3d 404, 416 (4th Cir. 2006) (en banc)).

Just as Jackson failed to present his discrimination claims to the MSPB, he has failed to offer any indication he timely presented his discrimination claims to the Army. To the extent he might rely on his 2023 appeal with the MSPB, his current complaint is untimely. *See* 29 C.F.R. § 1614.407(a) (providing discrimination complainants must "file a civil action in an appropriate United States District Court [w]ithin 90 days of receipt of the agency final action on an individual or class complaint").

The above analysis is dispositive of all of Jackson's claims save one: his claim under the Equal Pay Act (EPA). In Jackson's objections to the Report he argues, "An aggrieved individual does not have to file an administrative complaint before filing a lawsuit under the Equal Pay Act (EPA)." Obj. at 4.

Setting aside the MSPB appeal, the Army recognizes plaintiffs bringing claims under the EPA generally lack an obligation to exhaust available administrative remedies. It contends Jackson's EPA claim fails regardless.

"The EPA prohibits gender-based discrimination by employers resulting in unequal pay for equal work." *U.S. Equal Emp. Opportunity Comm'n v. Maryland Ins. Admin.*, 879 F.3d 114, 120

(4th Cir. 2018) (citations omitted). "A plaintiff establishes a prima facie case of discrimination under the EPA by demonstrating that (1) the defendant-employer paid different wages to an employee of the opposite sex (2) for equal work on jobs requiring equal skill, effort, and responsibility, which jobs (3) all are performed under similar working conditions." *Id.* (citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974)).

The Army argues Jackson failed to establish a prima facie case under the EPA and his claims must therefore be dismissed. The Army is correct. All of Jackson's representations and allegations—before the MSPB and this Court—have concerned purported shortcomings, mistakes, or errors in his pay. He has failed to ever suggest any gender-based discrimination issue in any form. Therefore, he has failed to state a claim under the EPA and his claim will be dismissed.

***B. Whether the remaining motions can be granted***

Because the Court will dismiss Jackson's complaint, his motion requesting the Court appoint counsel, his motion for "document request," and the Army's motion seeking a stay of discovery will be rendered as moot. Jackson's motions for "additional remedies" and "emergency and immediate relief" will be dismissed without prejudice to the extent they depend on this Court reviewing the MSPB's decision, as this Court lacks jurisdiction over the underlying claims. To the extent they depend on claims properly presented to this Court, they will be denied as he has failed to show he is entitled to any relief.

Jackson also filed a motion to amend his complaint, but as he seeks only to raise claims and add parties related to his minor child, whom he asserts is impacted by the conduct challenged in his initial complaint, it would be futile. He fails to suggest any amendment which would cure the faults identified above. For this reason, the motion will be denied. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (citation omitted) ("[A] district

court may deny leave if amending the complaint would be futile—that is, 'if the proposed amended complaint fails to satisfy the requirements of the federal rules.'").

Any objections Jackson raised which are not specifically addressed above will be overruled as they are patently meritless and unworthy of discussion.

## V. CONCLUSION

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules Jackson's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court the Army's motion to dismiss is **GRANTED**. Jackson's complaint is therefore **DISMISSED WITHOUT PREJUDICE**.

Jackson's and the Army's remaining motions are **DENIED** or **RENDERED AS MOOT** as provided and for the reasons given above.

**IT IS SO ORDERED.**

Signed this 24th day of September, 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Jackson is hereby notified of his right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.